**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE NEGRETE,<br><br>    Plaintiff,<br><br>    v.<br><br>MIN MIN HLAING,<br><br>    Defendant. | No. 2:19-CV-1653-WBS-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's motion for injunctive relief (ECF No. 29).

**I. BACKGROUND**

Plaintiff is currently an inmate at California State Prison, Sacramento. On March 30, 2020, plaintiff filed this motion for a temporary restraining order. See ECF No. 29. The relief plaintiff seeks is unclear[1], however, it appears that plaintiff has submitted this motion to request copies of defendant's answer to his complaint. See id. at 1. Indeed, plaintiff himself is unsure

---

[1] Plaintiff mentions a desire to commit suicide. However, the statement appears unassociated with his subsequent request for copies and overall request for legal assistance. See ECF No. 29, pg. 1.

1

1 whether this motion is the proper vehicle for obtaining the relief he seeks. Plaintiff states that:

> I couldn't serve the Attorney General w/answer + since have no copies b/c of crisis not sure how other than ask you for copies [which] may be the wrong way but must try if possible [. . .]

Id.

> Aren't these extraordinary circumstances that deserve a little help from you to correct my mistake + the Library mistake of not able to make copies [?] I hope so b/c have no clue?

Id. at 2.

## II. DISCUSSION

Plaintiff's motion for a temporary restraining order is not the proper vehicle for obtaining the relief he seeks.

The legal principles applicable to requests for injunctive relief, such as a temporary restraining order or preliminary injunction, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Here, plaintiff has failed to make a clear showing that he is entitled to preliminary injunctive relief and does not qualify for the extraordinary remedy of a preliminary injunction or a temporary restraining order. Plaintiff's motion is devoid of any argument that he will suffer irreparable harm absent the Court's intervention. Moreover, although plaintiff's motion requests a temporary restraining order, the relief requested does not proffer a basis for either a mandatory or a prohibitive injunction. Plaintiff appears to request documents from the Court, a process better reserved for discovery. To the extent plaintiff continues to seek copies from this Court, plaintiff may submit such requests to the Clerk of the Court.

## III. CONCLUSION

Based on the foregoing, the undersigned recommends that plaintiff's motion for injunctive relief (ECF No. 29) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 25, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE