# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE NEGRETE, | No. 2:19-CV-1653-WBS-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| MIN MIN HLAING, | |
| Defendant. | |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is plaintiff's second motion to appoint counsel (ECF No. 34).

       The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the

Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff argues that he is entitled to appointed counsel because he is indigent, unable to afford legal counsel, and unfamiliar with the law. See ECF No. 34. The Court notes that plaintiff previously submitted a motion for appointed counsel on nearly identical grounds. See ECF No. 19. On April 1, 2020, the Court denied plaintiff's motion for appointed counsel because plaintiff failed to present exceptional circumstances. Specifically, the Court stated:

> . . .[T]he Court does not at this time find the required exceptional circumstances. According to plaintiff, counsel should be appointed because: (1) he is unable to afford counsel; (2) he has limited knowledge of English; and (3) he is incarcerated. See ECF No. 19. These circumstances are not extraordinary. To the contrary, they are ordinary for prisoners pursuing civil rights claims.
> Regarding the Terrell factors, the Court cannot say at this stage of the proceedings before any pre-trial dispositive motions have been filed whether plaintiff is likely to succeed on the merits. Moreover, the legal issue in this case – whether defendants violated plaintiff's constitutional rights by denying him a cane and mobility-impaired vest – is not complex legally. As to whether plaintiff's claim is factually complex, the current record before the Court does not suggest that a factual complexity sufficient to trigger this factor. Finally, plaintiff has demonstrated an adequate ability to articulate his claims on his own.

ECF No. 30, pg. 2.

In the present motion, plaintiff simply reiterates his previous arguments without providing additional support. Therefore, the are no exceptional circumstances present which justify court-appointment of counsel.

Lastly, the Court notes that it appears that plaintiff is confused at to the current status of his case. See ECF No. 34. On February 26, 2020, the Court issued its discovery and scheduling order. See ECF No. 23. According to that order, the parties were permitted to conduct discovery until July 6, 2020. That deadline has since passed, and any dispositive motions must be

filed within 90 days of the discovery cut-off date.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 34) is denied.

Dated: August 12, 2020

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE